PER CURIAM.
Russell Leroy Brooks, Jr., appeals Ms conviction for burglary, alleging trial errors and errors in the costs and restitution wMch the court imposed. We affirm the conviction and imposition of restitution but strike certain costs.
The state concedes that the $2 cost for Criminal Justice Education pursuant to section 943.25(3), Florida Statutes (1993), was not pronounced at the sentencing hearing. We must strike this cost because it is discretionary, and the trial court should have pronounced it at sentencing. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc). *829 On remand, the trial court must provide Brooks with notice prior to reimposing this assessment.
The state also concedes that the $233 imposed as a cost/fine must be struck because the trial court did not pronounce this assessment at sentencing, and the judgment fails to provide statutory authority for this imposition. The trial court must give the statutory authority for this assessment. See Reyes. On remand, the trial court is permitted to provide the statutory authority for this assessment and to provide Brooks with notice prior to reimposing this assessment.
The conviction and imposition of restitution is affirmed. We strike the $2 cost and $233 cost/fine with directions to the trial court that each may be reimposed if it follows the statutory and notice provisions.
PARKER, A.C.J., and QUINCE and WHATLEY, JJ., concur.