Revised Opinion
COPE, Judge.
The Court’s opinion dated December 4, 1996 is withdrawn and the following is substituted:
Wayne Lorenzo Williams appeals his conviction for attempted robbery. His principal argument on appeal is that he should have been present at a sidebar conference where juror challenges were exercised. We conclude that any error on this point was invited and affirm the conviction.
Defendant-appellant Williams’ trial took place in November 1995, several months after the decision in Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, — U.S. —, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), became *859 final. Under Coney, “[t]he defendant has a right to be physically present at the immediate site where pretrial juror challenges are exercised.” Id. at 1013 (citation omitted). This right can be waived by the defendant as follows:
Where this is impractical, such as where a bench conference is required, the defendant can waive this right and exercise constructive presence through counsel. In such a ease, the court must certify through proper inquiry that the waiver is knowing, intelligent, and voluntary. Alternatively, the defendant can ratify strikes made outside his presence by acquiescing in the strikes after they are made. Again, the court must certify the defendant’s approval of the strikes through proper inquiry.
Id. (citation omitted).
At the conclusion of voir dire in this case the court granted a recess to allow the lawyers time to go over their notes and to advise the court when they were ready to proceed. When the court reconvened, the juror challenges were exercised at sidebar. The following transpired:
[PROSECUTOR]: Just for the record, is counsel waiving his client’s presence?
[DEFENSE COUNSEL]: Yes.
THE COURT: Have you spoken to him about that?
[DEFENSE COUNSEL]: We’ve gone over this.
THE COURT: Because he’s welcome to come up here if he wants to.
[DEFENSE COUNSEL]: Mr.
Williams waives his right to be present during the selection.
THE COURT: Okay.
Jury selection proceeded, with the exercise of peremptory challenges (primarily by the defense) and challenges for cause.
On appeal, defendant contends that he should be granted a new trial because he was not present at the sidebar conference where juror challenges were exercised. He argues that reversal is required because the trial court did not obtain an on-the-record waiver by the defendant personally, nor did the defendant ratify defense counsel’s peremptory challenges after the fact.
We conclude that on the specific and somewhat unusual facts of this case, the error was invited by the defense. “Under the invited-error doctrine, a party may not make or invite error at trial and then take advantage of the error on appeal.” Czubak v. State, 570 So.2d 925, 928 (Fla.1990) (citations omitted); Pope v. State, 441 So.2d 1073, 1076 (Fla.1983); Castle v. State, 305 So.2d 794, 797 (Fla. 4th DCA 1974), cert. denied, 317 So.2d 766 (Fla.1975), aff'd, 330 So.2d 10, 11 (Fla.1976); Ellison v. State, 349 So.2d 731, 732 (Fla. 3d DCA 1977), cert. denied, 357 So.2d 185 (Fla.1978); Gagnon v. State, 212 So.2d 337, 339 (Fla. 3d DCA 1968); see also 3 Fla. Jur.2d Appellate Review § 294 (1978).
“It is well-established law that where the trial judge has extended counsel an opportunity to cure any error, and counsel fails to take advantage of the opportunity, such error, if any, was invited and will not warrant reversal.” Sullivan v. State, 303 So.2d 632, 635 (Fla.1974) (footnote omitted), cert. denied, 428 U.S. 911, 96 S.Ct. 3226, 49 L.Ed.2d 1220 (1976); Farinas v. State, 569 So.2d 425, 429 n. 7 (Fla.1990).
In the present ease the trial court granted a recess after the conclusion of voir dire to allow both sides to prepare for the exercise of juror challenges. The court also granted defense counsel leave to step outside the courtroom with the defendant.
When the court session reconvened, the trial judge invited defendant to join the lawyers at sidebar. In response to the judge’s specific questions, defense counsel advised the court that he had spoken with the defendant about his client’s presence at sidebar. Defense counsel assured the court, ‘We’ve gone over this.” The court stated that the defendant is “welcome to come up here if he wants to.” Defense counsel responded, “Mr. Williams waives his right to be present during the selection.”
In light of defense counsel’s statements, we conclude that any error on this point was invited. We decline to order a new trial *860 under Coney*
Defendant also complains about two statements made by the prosecutor in closing argument. The first of these was objected to by defense counsel, and the court sustained the objection. We find no abuse of discretion in the trial court’s decision to deny defendant’s motion for mistrial.
As to the second argument, no objection was made at all. Assuming that the argument was improper, it certainly did not rise to the level which constitutes fundamental error.
Affirmed.

 Stated differently, the Florida Supreme Court has held that a Coney error is subject to harmless error analysis. 653 So.2d at 1013. We accept, as did the trial court, the truthfulness of defense counsel’s representations that he had discussed the presence-at-sidebar issue with defendant and that defendant chose not to be present. That being so, there is no harm to the defendant from the court’s failure to obtain a personal waiver from the defendant. See Mejia v. State, 675 So.2d 996, 1000 (Fla. 1st DCA 1996). We also note that the record contains independent confirmation that there was consultation between defendant and his counsel on jury selection. After the bench conference, the jury was excused. Defense counsel then relayed to the court the defendant's concern that there were no black members of the jury, a point defense counsel had previously made at sidebar. Defense counsel repeated an earlier objection that one of the prosecution's peremptory challenges was race-based. The court adhered to its earlier ruling allowing the peremptory challenge, and no error in that ruling is claimed on appeal.