690 So.2d 630 (1997)
Rayl KELLAR, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3537.
District Court of Appeal of Florida, First District.
February 28, 1997.
Rehearing Denied April 18, 1997.
Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
MINER, Judge.
Raising several issues, Rayl Kellar[1] challenges his convictions for kidnapping, sexual battery while armed and attempted first degree murder. We affirm appellant's convictions and sentences in all respects and write only to address the single point he raises which we believe warrants discussion.
Kellar asserts that the trial court committed fundamental, reversible error by not establishing on the record by proper inquiry that appellant knowingly and intelligently waived his presence at the bench during the exercise of peremptory jury challenges or acquiesced in his attorney's use of such challenges on the record. Under the facts of this case, we find this argument unavailing.
The record on appeal reflects that jury selection at appellant's trial took place on August 21, 1995. Twelve potential jurors were called to the jury box and questioning by the court and counsel commenced. After questioning of these prospective jurors concluded, the following transpired:
THE COURT: Thank you. We'll be at ease for a few moments while counsel confers and then, when ready, they will approach the bench.
The record then reflects that appellant and his attorney conferred after which the prosecutor, defense attorney and the appellant walked to the bench. The recorded bench conference proceeded:
THE COURT: The record will reflect that all are at the bench including the defendant.
DEFENSE COUNSEL: Right, your honor, and if I could just note this. I discussed very thoroughly with [appellant] his right to be here at this bench conference pursuant to recent case law. But we feel *631 strategically that we would prefer not to do that. So I simply want you to know that we didn't want to sandbag anybody. He and I discussed it, and he and I both agree that he is not going to be standing up here during these bench conferences. He is waiving that right. If he changes his mind, he can come up at any time. But we just think strategically it would look better if he didn't.
THE COURT: Very well.
DEFENSE COUNSEL: O.K.
THE COURT: [To defendant] Be seated. (The defendant returns to the conference table and the bench conference continues outside his presence ...) (Bench conference concludes.)
After this bench conference during which seven peremptory strikes were used, seven more prospective jurors were called and questioning of these persons commenced. After this questioning concluded, the record reflects that appellant and his counsel conferred and another bench conference was held. Consistent with his attorney's earlier representation, appellant did not avail himself of his right to be present at the bench. At this conference, the jury was selected. Thereafter, the court and counsel apparently concluded that an alternate juror might be required so two additional members of the jury pool were called to the box. After these persons were questioned, another bench conference was held and an alternate juror selected.[2] Once again, appellant chose to remain seated at counsel table. The jury was sworn and the case proceeded to trial the following day. Kellar was convicted as charged and this appeal followed.
Notwithstanding defense trial counsel's assurance that there was no intent to "sandbag" the court or the State, the defendant's physical absence from the two bench conferences that followed his attorney's representation to the court forms the primary basis for the instant appeal.
It is true that the trial court did not certify on the record that the defendant was waiving his presence during these conferences knowingly and voluntarily nor did the trial court certify on the record that Kellar approved of the peremptory strikes made by his counsel. Thus, he argues that Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), mandates reversal for a new trial. We disagree.
Coney held that such an error as complained of here is subject to a harmless error analysis. Following the dictates of Coney, in one of the leading cases decided by this court on the point, we held that since the record therein reflected that appellant had the opportunity to "participate in a meaningful way in the decisions regarding the exercise of peremptory challenges," the "technical error" committed by the trial court, i.e. failure to certify on the record that defendant's physical absence from the immediate site where challenges were exercised was knowing and voluntary or to certify of record that appellant ratified his attorney's exercise of challenges, was harmless. Mejia v. State, 675 So.2d 996, 1000, 1001 (Fla. 1st DCA 1996). Although the State does not argue harmless error in the instant case, sua sponte we have reviewed the record on appeal and are satisfied beyond a reasonable doubt that this "technical error" by the trial court did not in anywise prejudice appellant or affect the outcome of the case below. See Heuss v. State, 687 So.2d 823 (Fla.1996); State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Accordingly, appellant's convictions and sentences are herewith affirmed.
WEBSTER and MICKLE, JJ., concur.
NOTES
[1] In that portion of the record on appeal relating to jury selection, Rayl Kellar is also referred to on occasion as Ryal Kellar. In a pro se pleading of record, appellant signed his name, Rayl Kellar.
[2] The record does not reflect that the alternate juror participated in jury deliberations.