OFTEDAL, RICHARD L., Associate Judge.
Francisco Garcia appeals his convictions for shooting into an occupied building and second degree murder contending, among other things, that since the trial judge did not adhere to the procedures required by Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, — U.S. -, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), for establishing a valid waiver of the defendant’s right to be physically present at sidebar during the exercise of peremptory challenges, he is entitled to a new trial. For the reasons which follow, we find no reversible error and affirm appellant’s convictions and sentences.
The trial transcript reflects that in response to the trial judge’s suggestion that defense counsel confer with the appellant as to whether or not the defendant desired to be present at the bench during jury selection, defense counsel stated that he “talked to Mr. Garcia and he has no objection to him and I working out the preempts [sic] and then bringing them to the Court without him having to come up every time.” The prosecutor and defense counsel then engaged in a protracted dialogue at the bench outside the presence of the appellant culminating in the defense attorney exercising all ten of his available peremptory challenges. The trial judge made no further inquiry on the record regarding the waiver of the appellant’s presence at sidebar.
Because the trial judge failed to certify on the record that the appellant either knowingly, intelligently, and voluntarily waived his presence during these conferences or ratified the peremptory strikes made by his attorney, the appellant argues that his convictions must be reversed for a new trial. Id. at 1013. However, failure to comply with Coney does not automatically entitle the appellant to a new trial. Rather, we must apply a harmless error analysis to “determine whether there is any reasonable possibility that this error had an adverse impact on appellant’s right to a fair trial.” Mejia v. State, 675 So.2d 996, 1000 (Fla. 1st DCA 1996), review granted, 687 So.2d 1306 (Fla. Jan. 10, 1997).
*817 It is apparent from the trial transcript that appellant knew that he had the right to participate in the selection of jurors. Moreover, it is undisputed that on at least one occasion the appellant had input and voiced concern regarding the striking of a particular juror.[1] On those other occasions where the appellant apparently chose to remain seated silently at counsel table, “there is no indication that he was prevented or limited in any way from conferring with his attorney regarding the exercise of juror challenges.” Gibson v. State, 661 So.2d 288, 290 (Fla.1995). As was the case in Mejia, appellant has failed to demonstrate that any technical deficiency on the part of the trial judge in complying with all of Caney’s requirements resulted in any prejudice. Accordingly, any error did not adversely impact upon appellant’s right to a fair trial and was harmless. See also Kellar v. State, 690 So.2d 630 (Fla. 1st DCA 1997); Golden v. State, 688 So.2d 419 (Fla. 1st DCA 1997)(on rehearing); Williams v. State, 687 So.2d 868 (Fla. 3d DCA 1997).
It is our view that the decision in this ease brings us to the outer limits of sustainable noncompliance with Coney’s mandate. We caution trial judges, therefore, that they should exercise great care in ensuring that defendants are accorded the right to meaningful participation during jury selection in the manner and to the degree prescribed by newly amended Rule 3.180(b), Florida Rules of Criminal Procedure.[2]
We affirm as to all other issues raised.
GLICKSTEIN and KLEIN, JJ., concur.

. The transcript reflects the following exchange between the prosecutor and defense counsel:
[Defense Counsel]: My client wanted to strike her. I didn't want to. Did you strike her? [Prosecutor]: I struck her.

. Rule 3.180(b), Florida Rules of Criminal Procedure, now provides that "[a] defendant is present for purposes of this rule if the defendant is physically in attendance for the courtroom proceeding, and has a meaningful opportunity to be heard through counsel on the issues being discussed.”