KLEIN, Judge.
Appellant was convicted of sale of cocaine and possession with intent to sell, and argues that he is entitled to a new trial under Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, — U.S. -, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995). We affirm his convictions, but reverse his habitual offender sentence.
*1289 In Coney, our supreme court construed Florida Rule of Criminal Procedure 3.180(a)(4) to mean that a defendant has a “right to be physically present at the immediate site where pretrial juror challenges are exercised.” Id. at 1013. In the present case the defendant was not at the side bar; however, we must still determine whether the error is harmless, i.e., “whether there is any reasonable possibility that this error had an adverse impact on appellant’s right to a fair trial.” Mejia v. State, 675 So.2d 996, 1000 (Fla. 1st DCA 1996), rev. granted, 687 So.2d 1306 (Fla.1997).
In the transcript of jury selection, the court reporter noted eight different “pause” periods where it is unclear what action was taldng place. One of them occurred after the court asked the appellant to confer with his attorney. The State suggests that the other pauses were also for conferences between appellant and his attorney, and we relinquished jurisdiction for clarification by trial counsel. On relinquishment they stipulated as follows:
Although the defendant was not present at the bench when challenges were exercised during jury selection, defense counsel did confer with the defendant at counsel’s table about potential jurors. At the close of the jury selection, the defendant was specifically asked by the Court if he accepted the jury that was selected, and the defendant stated he did and counsel repeated the defendant’s acceptance.
In addition, the transcript does reflect the following, after the jurors had been chosen:
MS. NELSON [Prosecutor]: Yes, sir, the State accepts this jury, judge. And also—
[[Image here]]
MR. KILLER [Thomas’s attorney]: That’s what I have.
MS. NELSON: Yes, sir. Judge, after— after you let the jurors go, I just want to make sure we get it on the record that the defendant accepts this jury as well. I think the case law now is that you have to put that on the record that he accepts the jury that we’ve selected. If the court—
THE COURT: Well, let’s do it.
MS. NELSON: Okay.
THE COURT: Clyde, go ask your client if he accepts.
MR. KILLER: Let me go ask.
(Pause)
MR. KILLER: For the record, Your Honor, I’ve discussed the panel, the prospective panel with Mr. Thomas and he accepts the six individuals that we’ve agreed on.
In Mejia Judge Webster observed:
It seems relatively clear that the procedural rule set out in Coney is intended to ensure that a defendant’s right to meaningful participation in decisions regarding the exercise of challenges, particularly peremptory challenges, is zealously protected. Assuming such an underlying purpose, our review of the record satisfies us, to the exclusion of all reasonable doubt, that appellant suffered no prejudice to his right to a fair trial as the result of the trial court’s technical failure to comply with all of Coney’s requirements. It is apparent from the trial transcript that appellant understood that he had the right to participate in the choice of jurors. It is equally apparent that appellant’s counsel consistently consulted with appellant regarding the exercise of peremptory challenges. Accordingly, there can be no question but that, although he was not “physically present at the immediate site where pretrial juror challenges [were] exercised” (id.) — i.e., at the bench — appellant did participate in a meaningful way in the decisions regarding the exercise of peremptory challenges. Thus, it would seem that the important right which the Coney decision was intended to protect was not impaired in any way.
675 So.2d at 1000.
Applying the harmless error analysis of Mejia, we conclude, based on the stipulation and transcript, that there is no reasonable possibility that the noncomplianee with Coney adversely affected appellant’s right to a fair trial. See also Garcia v. State, 694 So.2d 815 (Fla. 4th DCA 1997).
In regard to appellant’s habitual offender sentence, the date on which he com *1290 mitted these offenses was October 11, 1994. Although he had three other felony convictions, one was in 1977, one was in 1987 and the remaining one was in 1995, after he committed these offenses. Section 775.084(l)(a)2 and (5) now require that one of the felony convictions on which habitualization is based to have occurred within five years prior to the date of these offenses.[1] The State did not establish that any of the above convictions would meet the statutory requirements.
We have considered the other issues raised by appellant and find them to be without merit. We therefore affirm the convictions, but reverse and remand for resentencing within the guidelines.
WARNER and SHAHOOD, JJ., concur.

. The 1995 conviction, which occurred after these offenses were committed, could have formed the basis for habitualization before the statute was amended by the legislature in 1993.