704 So.2d 191 (1997)
John M. SMILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2406.
District Court of Appeal of Florida, First District.
December 30, 1997.
*193 Benjamin L. Crump, of Parks & Crump, P.A., Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Trisha E. Meggs and Timothy A. Freeland, Assistant Attorneys General, Tallahassee, for Appellee.
MICKLE, Judge.
In this direct appeal, John Smiley alleges errors 1) in the trial court's failure to inquire as to whether Smiley voluntarily absented himself from the sidebar conference where peremptory strikes were discussed; 2) in the lower court's admission of evidence of an uncharged physical offense; 3) in the directive that Smiley receive alcohol and drug abuse treatment, and in the discrepancies between orally pronounced general conditions and certain special conditions of probation set forth in the subsequent written order; 4) in the imposition of a $1,500.00 lump-sum charge for unspecified "court costs and fines"; and 5) in the failure of the written order to reflect the split sentence imposed. Finding no basis for reversal in either the first or second alleged errors, we affirm Smiley's conviction. As to the third alleged group of errors, we reverse the special conditions of probation and direct the trial court on remand to strike these conditions; we affirm the ruling requiring Smiley to receive alcohol and drug abuse treatment. On the fourth alleged error, we reverse the $1,500.00 in unspecified court costs and fines and remand for further proceedings. As to the fifth alleged error, we direct the lower tribunal to correct the written order to reflect that Smiley was sentenced to 67 months in prison, to be followed by 9 years of probation.
The first issue involves jury selection, which, in the case at bar, occurred after April 27, 1995, i.e., after Coney v. State, 653 So.2d 1009 (Fla.), cert. den., 516 U.S. 921, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), became "final." State v. Mejia, 696 So.2d 339, 340 (Fla.1997). Although a defendant "has a right to be physically present at the immediate site where pretrial juror challenges are exercised," in situations such as where a bench conference is required a defendant's literal presence can become "impractical." Coney, 653 So.2d at 1013. In such instances, the Supreme Court of Florida has held that a defendant "can waive this right and exercise constructive presence through counsel. In such a case, the court must certify through proper inquiry that the waiver is knowing, intelligent, and voluntary" unless the defendant ratifies strikes made outside his presence "by acquiescing in the strikes after they are made." Id. Florida Rule of Criminal Procedure 3.180(a)(4), which provides in pertinent part that "[i]n all prosecutions for crime the defendant shall be present ... during the examination, challenging, impanelling, and swearing of the jury," is intended to ensure "that a defendant has knowledge of the proceedings and is always readily available to counsel for input into critical decisions affecting the defendant's case." Id., at 1015 (Overton, J., concurring in result only). The reconstructed record establishes that Smiley discussed the jury selection process and the composition of the jury in private consultations with defense counsel before the jury was sworn. Counsel utilized a personalized jury chart to explain the proceeding. The record also demonstrates that after receiving this explanation and an offer to go to the sidebar, Smiley "vehemently" refused to participate in the sidebar conference at which peremptory challenges were discussed. Defense counsel relied in part upon the appellant's verbal input to exercise peremptory challenges. Counsel then informed the trial court of the appellant's waiver of the right to be present at the sidebar. In effect, the appellant invited this first error now claimed on appeal. We find, at most, nothing more than harmless technical error in the failure to make further inquiry during the jury selection proceedings. Smiley was not prejudiced. Kellar v. State, 690 So.2d 630, 631 (Fla. 1st DCA), rev. den., 697 So.2d 511 *194 (Fla.1997); Golden v. State, 688 So.2d 419 (Fla. 1st DCA) (granting mot. for clarif.), rev. den., 698 So.2d 543 (Fla.1997); Williams v. State, 687 So.2d 858 (Fla. 3d DCA) (trial court's failure to obtain a personal waiver of the defendant's right to be present at a sidebar conference where jury challenges were exercised was "invited" harmless error, where counsel represented to the trial court that he had discussed the issue with the defendant, who chose not to be present at sidebar), rev. den., 693 So.2d 33 (Fla.1997). The appellant misplaces his reliance on the factually distinguishable decision in Francis v. State, 413 So.2d 1175 (Fla.1982) (Rule 3.180(a)(4) was violated, where defense counsel, the prosecutor, and the judge retired to the jury room for the "crucial stage" of exercising peremptory challenges; the defendant was told he could not go into the jury room; no express consent was obtained to challenge jurors peremptorily in the defendant's absence; the defendant did not affirmatively consent to, acquiesce in, or ratify his involuntary absence; and the extent of the resulting prejudice could not be assessed).
The second issue involves an evidentiary ruling by the lower court. Smiley was charged with, and convicted of, the March 25, 1995, aggravated battery upon 71-year-old James Stokes. The state's theory at trial was that the 52-year-old appellant's attack on Stokes was intended in part to teach the victim a lesson because, just hours earlier on the date of the charged offense, Stokes had intervened in, or interfered with, the appellant's physical and verbal attacks upon a young boy. The jury was allowed to hear testimony relating to a verbal altercation between Smiley and Stokes arising from this same disagreement involving the boy. The defense filed a motion in limine arguing that evidence of Smiley's uncharged battery upon the boy was prejudicial and not relevant to the prosecution for the aggravated battery upon Stokes. We conclude that the evidence in question was admissible and that the trial court did not abuse its discretion in allowing the prior physical incident into evidence as relevant to suggest the full context of the charged crime and the appellant's motive or absence of mistake in physically attacking Stokes. Craig v. State, 510 So.2d 857, 863 (Fla.1987) (evidence of the defendant's thefts of the victim's cattle on several occasions was relevant to show the defendant's motive for killing the victim), cert. den., 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988); Bryan v. State, 533 So.2d 744 (Fla.1988).
The appellant's third issue alleges two separate types of error. First, Smiley asserts that the trial court erred by including in the written order certain "special conditions" of probation not orally pronounced at sentencing. The state properly concedes that any special conditions not orally pronounced must be stricken. State v. Hart, 668 So.2d 589 (Fla.1996) (all defendants facing imposition of probation are on constructive notice of "general" Conditions (1) through (11) set forth in the form in Fla. R.Crim. P. 3.986(e), so that only "special" conditions not set out in the general section of the rules need be specifically pronounced at sentencing); Justice v. State, 674 So.2d 123 (Fla.1996). The special conditions in question require Smiley to abstain from alcohol, to pay $1.00 monthly to First Step, and to submit to and pay for urine, breath, and blood tests. On remand, the written order should be corrected to comport with the oral pronouncements. McCollun v. State, 586 So.2d 490 (Fla. 1st DCA 1991); Rowland v. State, 548 So.2d 812 (Fla. 1st DCA 1989). Additionally, Smiley argues on appeal that the trial court's written order directing him to undergo drug and alcohol evaluation and (if treatment is deemed necessary) to complete treatment successfully should be stricken because the judge's oral statements manifested the intent for this condition to be merely permissive. We have reviewed the entire transcript of the sentencing hearing, where the appellant and his family acknowledged his substance-abuse problems and his need for rehabilitation. Considering the remarks at issue in this overall context, and the fact that the crime for which Smiley was convicted occurred after an episode of heavy drinking, we believe that the trial court unmistakably intended the drug and alcohol evaluation (and completion of treatment, if necessary) to be mandatory. Therefore, this specific condition remains valid.
Smiley's fourth issue relates to assessed costs and fines. Costs assessed in a criminal case must be specifically authorized *195 by statute, and it is error to impose costs without reference to statutory authority or an explanation in the record as to what the costs represent. Spencer v. State, 650 So.2d 228 (Fla. 1st DCA 1995); Bradshaw v. State, 638 So.2d 1024 (Fla. 1st DCA 1994). If a cost is discretionary under a statute, it must be orally pronounced at sentencing. Brooks v. State, 672 So.2d 828 (Fla. 2d DCA 1995). The lower tribunal imposed a lump sum of $1,500.00 in "court costs and fines" without delineating its statutory authority and what specifically this sum comprises. We must reverse the $1,500.00 for court costs and fines, without prejudice to the trial court to reimpose authorized sums after following the appropriate procedure. Bright v. State, 689 So.2d 1285 (Fla. 1st DCA), rev. granted, 697 So.2d 1218 (Fla.1997); Bryant v. State, 661 So.2d 1315 (Fla. 1st DCA 1995).
The fifth and final alleged error requires a clerical correction so that the written order reflects that the appellant received a split sentence of imprisonment, to be followed by probation.
AFFIRMING judgment of conviction; AFFIRMING sentence in part, REVERSING sentence in part, and REMANDING for certain special conditions to be stricken, for "court costs and fines" to be clarified with reference to statutory authority, and for the written sentencing order to be corrected to reflect the split sentence imposed.
LAWRENCE and PADOVANO, JJ., concur.