PER CURIAM.
Appellant, Joe Wooden, challenges the trial court’s assessment of various costs following his vehicular manslaughter conviction. Because the trial court erred in imposing two of the challenged costs, we reverse as to only those costs.
As the State concedes, the trial court erred in assessing a $50 “Crimes Preven *889 tion” cost without reference to statutory authority for imposing such a cost. See Smiley v. State, 704 So.2d 191, 194-95 (Fla. 1st DCA 1997); Bradshaw v. State, 638 So.2d 1024, 1025 (Fla. 1st DCA 1994). The State further concedes that the trial court erred in assessing a $370 cost for the Local Government Criminal Justice Fund pursuant to section 27.3455, Florida Statutes, because that statute was repealed, effective July 1, 2004, prior to the date appellant entered his plea. See Ch. 03-402, § 153, at 3762, Laws of Fla.; Hollis v. State, 525 So.2d 498, 499 (Fla. 5th DCA 1988) (striking the trial court’s assessment of community service hours pursuant to section 27.3455(1) because that portion of the statute was repealed before the appellant was sentenced).
We, therefore, REVERSE the assessment of those costs without prejudice to the trial court to reimpose any authorized costs after following the appropriate procedures. See Smiley, 704 So.2d at 195. Appellant’s conviction and all other aspects of his sentence are AFFIRMED. See Ridgeway v. State, 892 So.2d 538 (Fla. 1st DCA 2005).
KAHN, BROWNING and LEWIS, JJ., concur.