JUSTICE RICE,
dissenting.
¶66 I cannot conclude there is reversible error when a trial judge, dining a mid-trial conference, inquires of defense counsel concerning the presence of the defendant and receives defense counsel's assurance that the defendant’s presence is not necessary, and then conducts the conference without the defendant. I agree with the State that we should affirm on waiver grounds, as I believe defense counsel's actions constitute invited error and that reversal on such grounds -undermines *552 our legal system.
¶67 Of course, no objection was made with regard to Matt’s presence in the conference at issue here. Just the opposite, in response to the District Court’s inquiry, defense counsel assured the court that the conference could continue without the Defendant. In Williams v. Fla., 687 So. 2d 858 (Fla. Dist. App. 1997), the Florida court concluded that such actions by defense counsel with regard to his client’s presence during trial constituted “invited error” which was not reversible. “It is well-established law that where the trial judge has extended counsel an opportunity to cure any error, and counsel fails to take advantage of the opportunity, such error, if any, was invited and will not warrant reversal.” Williams, 687 So. 2d at 859 (citations omitted).
¶68 Here, the District Court gave defense counsel the explicit opportunity to correct the error, but counsel did not do so. Under these circumstances, defense counsel's waiver of the defendant’s right to appear should be affirmed to protect the integrity of the trial process from invited error. A trial judge must be able to rely upon the assurances given by defense counsel in response to issues raised by the judge during the course of the trial if the legal system is to properly function. We should not burden the judge with the duty of second-guessing defense counsel’s trial decisions, as there is a process in place for counsel’s actions to be later challenged and reviewed. Indeed, a trial involves numerous potential waivers of a defendant’s constitutional rights, such as the decision to forego cross-examination of a state witness, the decision for a defendant to testify, and the decision to pass a jury panel for cause.
¶69 I would affirm on the basis of this invited error. The Defendant, if he chose, could pursue the recourse of challenging his counsel’s actions within a post-conviction proceeding as ineffective.
DISTRICT COURT JUDGE MCKINNON joins in the dissenting Opinion of JUSTICE RICE.