PER CURIAM.
 

 Carmen Oliver challenges her conviction for aggravated battery causing great bodily harm with a deadly weapon and raises two arguments for improper sentencing: First, that the trial court erred by reclassifying her conviction for aggravated battery causing great bodily harm with a deadly weapon from a second-degree felony to a first-degree felony; and second, that the trial court erred by imposing costs and fines which were not orally pronounced at the sentencing hearing. The state properly concedes error in regard to both sentencing issues. We affirm Oliver’s conviction without discussion, but remand for resentencing.
 

 The trial court improperly imposed fines and costs by failing to provide the statutory authority for the discretionary fines at sentencing and by failing to provide an explanation as to what the costs represent.
 
 See Smiley v. State,
 
 704 So.2d 191, 195 (Fla. 1st DCA 1997);
 
 Reyes v. State,
 
 655 So.2d 111, 116 (Fla. 2d DCA 1995). On remand, the trial court may reimpose the assessments after providing Oliver notice and by following the proper procedure, which includes individually announcing each assessment and the authority for each.
 
 See Brooks v. State,
 
 672 So.2d 828, 829 (Fla. 2d DCA 1995).
 

 Section 784.045, Florida Statutes (2009), provides that a person may be convicted of aggravated battery, a second-degree felony, either by causing great bodily harm or by using a deadly weapon during the commission of the battery. Section 775.087(1), Florida Statutes (2009), provides for the reclassification of a second-degree felony to a first-degree felony if it was committed with the use of a weapon or firearm, unless the use of a weapon or firearm is an essential element of the crime.
 
 See Lareau v. State,
 
 573 So.2d 813, 814-15 (Fla.1991). The trial
 
 *351
 
 court erred by classifying Oliver’s offense as a first-degree felony under section 775.087(1) because it is unclear from the record whether or not the use of a deadly weapon, an automobile, was an essential element of the jury’s finding of “aggravated battery causing great bodily harm with a deadly weapon.”
 
 See Cabral v. State,
 
 944 So.2d 1026, 1027 (Fla. 1st DCA 2006);
 
 Perry v. State,
 
 858 So.2d 1270, 1271 (Fla. 1st DCA 2003).
 

 Oliver’s scoresheet should be corrected to reflect the proper points for a primary offense of aggravated battery, a second-degree felony, and the other score-sheet calculations should be adjusted accordingly. It appears that even after adjusting the scoresheet, Oliver’s 10-year sentence may still be within the guidelines. However, even where the sentence imposed is still within the permitted range after recalculating the scoresheet, the sentence imposed should be vacated and the cause remanded for resentencing upon a corrected scoresheet “to assure that a defendant was not sentenced and is not being confined because of a mistaken judicial impression based on an inaccurate guidelines scoresheet.”
 
 Lawrence v. State,
 
 590 So.2d 1068, 1069-70 (Fla. 5th DCA 1991).
 

 Accordingly, the judgment of conviction is AFFIRMED; the sentence is REVERSED, and the case is REMANDED for resentencing based upon a corrected scoresheet. Further, the trial court is instructed to assess costs and fines with proper notice to Oliver and with proper reference to statutory authority before re-sentencing.
 

 DAVIS, PADOVANO, and ROWE, JJ., concur.