IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

YANCO PETERSON,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Appellant,

v.

CASE NO. 1D12-3788
          1D12-3791

STATE OF FLORIDA,

    Appellee.

_____/

Opinion filed December 16, 2014.

An appeal from the Circuit Court for Gadsden County.
Jonathan E. Sjostrom, Judge.

Jeffrey E. Lewis, and Michael J. Titus, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Lauren L. Brudnicki, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

    We affirm conviction and sentence imposed in lower court case number 08-781CF (1D12-3788) for violation of probation, and the convictions and sentences imposed in lower court case number 10-356CF (1D12-3791) for six counts of fighting or baiting animals. Appellant is collaterally estopped from arguing the

trial court erroneously denied his motion to suppress. He challenged the denial in a prior case raising the same arguments as raised here, and this Court affirmed the order *per curiam. See Peterson v. State*, 118 So. 3d 224 (Fla. 1st DCA 2013); *see also Ziegler v. State*, 116 So. 3d 255, 258 (Fla. 2013) ("In Florida, collateral estoppel prevents the same parties from relitigating issues that have already been fully litigated and determined."). In addition, the Order Granting Motion to Cite Statute and Strike Fine and Surcharges entered July 30, 2013, in lower court case number 08-781CF remedies the errors in the amended final judgment that Appellant now seeks to be corrected. Further, the sentence in the amended final judgment in lower court case number 10-356CF for Count 19 accurately reflects the sentence the trial judge orally pronounced.

However, the amended final judgment in lower court case number 10-356CF imposes a discretionary fine and related surcharge under sections 775.083 and 938.04, Florida Statutes, respectively, which the trial court failed to specifically announce at sentencing. Accordingly, we strike these costs and remand for the trial court to enter a corrected judgment. On remand, the court may reimpose the discretionary fine and surcharge after following the appropriate procedures. *See DeSalvo v. State*, 107 So. 3d 1185, 1187 (Fla. 1st DCA 2013); *Nix v. State*, 84 So. 3d 424, 426 (Fla. 1st DCA 2012).

AFFIRMED, in part; REVERSED, in part, and REMANDED.

2

VAN NORTWICK, PADOVANO, and MARSTILLER, JJ., CONCUR.