IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CORTEZ FORD,

       Petitioner,

v.

STATE OF FLORIDA,

       Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1460

Opinion filed July 1, 2015.

Petition alleging ineffective assistance of appellate counsel -- Original Jurisdiction.

Cortez Ford, pro se, Petitioner.

Pamela Jo Bondi, Attorney General, and Joshua R. Heller, Assistant Attorney General, Tallahassee, for Respondent.

PER CURIAM.

      This petition presents a timely claim of ineffective assistance of appellate counsel. We find merit in one of the claims raised.

      At sentencing, the trial court failed to orally pronounce the imposition of a $1,050.00 fine pursuant to section 775.083, Florida Statutes, and a $52.50 five percent surcharge pursuant to section 938.04. The fine authorized by section 775.083(1) is discretionary and, thus, it was error for the trial court to impose the fine without

specifically pronouncing the fine at the sentencing hearing. See Pullam v. State, 55 So. 3d 674, 675 (Fla. 1st DCA 2011). Because this fine was erroneously imposed, the surcharge under section 938.04, which is based on the amount of fine, was also erroneously imposed. See Nix v. State, 84 So. 3d 424, 426 (Fla. 1st DCA 2012).

Accordingly, we strike these costs and remand for the trial court to enter a corrected judgment. On remand, the court may reimpose the discretionary fine and surcharge after following the appropriate procedures. Peterson v. State, 151 So. 3d 562 (Fla. 1st DCA 2014); accord, Williams v. State, 82 So. 3d 186 (Fla. 1st DCA 2012) (reversing judgment for fines, costs and surcharges "because the trial court failed to delineate the discretionary fine(s) when announcing at sentencing that it would impose $1,522.50 in costs and fines," and stating that the assessments may be reimposed on remand after giving the defendant notice and following the proper procedure); see also Oliver v. State, 75 So. 3d 349, 350 (Fla. 1st DCA 2011) (reversing the imposition of discretionary fines and authorizing the court to reimpose the fines on remand "by following the proper procedure, which includes individually announcing each assessment and the authority for each.").

WOLF, THOMAS, and OSTERHAUS, JJ., CONCUR.

2