DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SAMUEL JOSHUA PARIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-51

[February 16, 2022]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; August A. Bonavita, Judge; L.T. Case Nos. 2019MM012867AXXX and 2020AP000086AXXX.

Carey Haughwout, Public Defender, and Elijah Giuliano, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The defendant appeals from his misdemeanor battery conviction and one-year probationary sentence. We affirm the defendant's conviction and sentence except for the trial court's imposition of a $500 discretionary fine and a $50 monthly charge for the cost of the defendant's supervision. We reverse these two aspects of the defendant's sentence and remand for imposition of only the statutorily authorized $40 monthly supervision cost.

Although the trial court orally pronounced at sentencing that the defendant would be required to pay a fine of $500, it omitted the statutory authority for the fine. This omission requires that the fine be reversed. *See, e.g., Davis v. State,* 268 So. 3d 877, 878 (Fla. 2d DCA 2019) (statutory authority for discretionary fines authorized by section 775.083 must be orally pronounced at sentencing (citing *Perdue v. State,* 17 So. 3d 1283 (Fla. 2d DCA 2009)); *Oliver v. State,* 75 So. 3d 349, 350 (Fla. 1st DCA 2011) (trial court improperly imposed discretionary fines without providing statutory authority for the fines at sentencing (citing *Reyes v. State,* 655 So. 2d 111, 116 (Fla. 2d DCA 1995) (en banc)).

The trial court also did not orally pronounce at sentencing that the defendant would be required to pay as a condition of his probation $50 per month toward the cost of his supervision. Without any accompanying oral pronouncement, the trial court was authorized to impose only a $40 monthly supervision charge. *See* § 948.09(1)(b), Fla. Stat. (2019) ("Any person placed on misdemeanor probation by a county court must contribute not less than $40 per month, as decided by the sentencing court, to the court-approved public or private entity providing misdemeanor supervision."); *see also Metellus v. State*, 310 So. 3d 90, 93 (Fla. 4th DCA 2021) ("[W]hether a probation condition is a general condition or a special condition is determined by reference to Florida Statutes . . . and Florida Rule of Criminal Procedure 3.986(e)[, and] conditions which appear in neither [a] statute nor the rule are considered special and must be orally pronounced." (alterations in original) (quoting *Cole v. State*, 932 So. 2d 1123, 1124 (Fla. 4th DCA 2006))).

The State's reliance on the Fifteenth Judicial Circuit's administrative order that authorizes the imposition of a $50 monthly charge for the cost of supervision for probation is misplaced because that administrative order applies only in cases where a defendant is "placed on probation or community control by the Circuit Court in and for Palm Beach County, Florida." *See In Re: Probation/Community Control Costs of Supervision*, Admin. Order No. 4.403–9/08 (15th Jud. Cir. Sept. 29, 2008). The defendant in this case was not sentenced by the circuit court. He was sentenced by the county court for a misdemeanor charge.

We therefore reverse the imposition of both the $500 discretionary fine and the $50 monthly charge for the cost of supervision and remand for entry of a corrected judgment striking the $500 fine and reducing to $40 the monthly charge for the cost of supervision imposed as a condition of the defendant's probation. We otherwise affirm the defendant's conviction and sentence.

*Affirmed in part, reversed in part, and remanded with instructions.*

CIKLIN, GERBER and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**