749 So.2d 534 (1999)
Fletcher E. HOLLINGER, Petitioner,
v.
STATE of Florida, Respondent.
No. 99-2866.
District Court of Appeal of Florida, Fifth District.
December 30, 1999.
Rehearing Denied February 8, 2000.
Fletcher E. Hollinger, Orlando, pro se.
No Appearance for Respondent.
W. SHARP, J.
Hollinger petitions this court for a belated appeal, claiming that his appellate counsel was ineffective in filing an Anders brief.[1] For the reasons stated below, we deny his petition.
The record discloses that Hollinger was tried by a jury and found guilty of delivery *535 of cocaine.[2] He was sentenced as an habitual offender, and given a prison sentence of thirty years. He appealed to this court and we affirmed without opinion.[3]
In that appeal, defense counsel filed an Anders brief, arguing that the trial court may have erred in denying Hollinger's motion for judgment of acquittal. Hollinger was invited to file an additional brief to address any matters he thought should be considered in connection with the appeal. He failed to do so and this court's mandate issued on July 23, 1999.
In this petition, Hollinger asserts his appellate counsel was ineffective because he failed to present an issue preserved for appellate review, which could have resulted in reversal of his conviction. That issue is whether the trial court erred in failing to conduct an adequate Richardson hearing,[4] on the state's failure to disclose to the defense that Johnson, the undercover agent employed by the police to purchase the cocaine from Hollinger, for which event he was convicted, misidentified Hollinger in a photo line-up.
This issue was raised at the trial and discussed with the judge at the noon recess. Hollinger himself was also allowed to argue the state committed a discovery violation. It appears the trial judge addressed this matter and concluded that some of the confusion resulted because Hollinger was charged in three different cases so there was more than one photographic line-up. The court concluded that there was a good-faith explanation for the confusion, and nothing was intentionally withheld from the defense. In any event, the judge said any possible misidentification in the photo line-up was not prejudicial because the undercover agent identified Hollinger in court, based on his acquaintance with him for several years. Further, the police officers, who were witnesses to the sale, also identified Hollinger, based on their knowledge of him as a member of the neighborhood where the sale took place. Thus, his identification as the seller of the cocaine did not turn on the photo line-up.
It is tempting to deny Hollinger's petition on the ground that he should have raised the Richardson issue in his brief (which he did not file) after his defense counsel filed an Anders brief on his behalf, and thus conclude that he has waived that issue for purposes of bringing a collateral attack on his conviction. See Johnson v. Moore, 744 So.2d 1042 (Fla. 4th DCA 1999); Mills v. Dugger, 574 So.2d 63, 65 (Fla.1990). This view would certainly reduce the number of cases in which this court must review habeas petitions alleging ineffective appellate counsel, for indigent criminal defendants. However, the reason indigent criminal defendants are afforded competent appellate counsel is to make sure that their due process rights are protected. See Gaskin v. State, 737 So.2d 509 (Fla.1999). If appellate counsels fail to properly represent them, they have been denied that constitutional protection. It appears unfair to then take the position they should have raised an issue on direct appeal themselves when clearly they are not competent to represent themselves; else why appoint appellate counsel in the first place?
We deny the petition in this case because we do not find appellate counsel's failure to raise the Richardson issue was of such a magnitude as to constitute a serious or substantial deficiency falling measurably outside the range of professionally acceptable performance, or that the alleged deficiency compromised the appellate process so as to undermine confidence in the correctness of the result. Haliburton v. Singletary, 691 So.2d 466 *536 (Fla.1997); Domberg v. State, 661 So.2d 285 (Fla.1995). The trial judge in Hollinger's case inquired into the Richardson violation and determined both that any violation on the part of the state was inadvertent, and that it did not prejudice the defense. That was within his discretion. See Johnson v. Singletary, 695 So.2d 263 (Fla.1996); Hunter v. State, 660 So.2d 244, 251 (Fla.1995).
Petition for Writ of Habeas Corpus DENIED.
ANTOON, C.J., and DAUKSCH, J., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] §§ 893.13(1)(a)(1) and 893.03(2)(a)(4), Fla. Stat.
[3] Hollinger v. State, 737 So.2d 1101 (Fla. 5th DCA 1999).
[4] Richardson v. State, 246 So.2d 771, 775 (Fla.1971).