848 So.2d 1222 (2003)
John Thomas KILMARTIN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-3352.
District Court of Appeal of Florida, First District.
July 8, 2003.
*1223 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
Appellant entered unconditional guilty pleas to grand theft and dealing in stolen property. Pursuant to those pleas, he was adjudicated guilty of both offenses, and sentenced to five years in prison on the former, concurrent with a 12-year habitual felony offender sentence on the latter. He now appeals, contending that the trial court violated section 812.025, Florida Statutes (2001), and thereby committed fundamental error, when it entered judgments and sentences for both offenses because both were parts of "one scheme or course of conduct." The state responds that (1) appellant may not raise this issue for the first time on appeal; and (2) on the merits, appellant has failed to demonstrate that, as a matter of fact, both offenses were parts of "one scheme or course of conduct." We agree with appellant and, accordingly, reverse.
Our supreme court has said that the double jeopardy clauses of the state and federal constitutions may prohibit multiple convictions for offenses arising out of the same criminal transaction. Cruller v. State, 808 So.2d 201, 203 (Fla.2002). It has also said that "[t]he prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature `intended to authorize separate punishments for the two crimes.'" Gordon v. State, 780 So.2d 17, 19 (Fla.2001) (quoting from M.P. v. State, 682 So.2d 79, 81 (Fla.1996)). This legislative intent can be either "explicitly stated in a statute ... or ... discerned through the Blockburger [v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ] test of statutory construction." M.P. v. State, 682 So.2d at 81.
Section 812.025, Florida Statutes (2001), reads:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
Although this language would appear to compel the opposite conclusion, our supreme court has held that the intent of section 812.025 is to preclude separate convictions for both grand theft and dealing in stolen property whenever the two offenses are parts of the same "scheme or course of *1224 conduct"i.e., it has held that separate convictions are prohibited in such cases regardless of whether a defendant goes to trial or enters pleas. Hall v. State, 826 So.2d 268, 271 (Fla.2002). Given the holding in Hall, one must conclude that the supreme court had determined that the legislature's intent when it adopted section 812.025 was to prohibit separate punishments for both grand theft and dealing in stolen property when both offenses were parts of the same criminal transaction. Accordingly, one must conclude, further, that separate punishments for both offenses in such cases, whether as the result of a trial or of pleas, violate the state and federal prohibitions against double jeopardy.
Appellant raises this argument for the first time on appeal, following his unconditional guilty pleas to both offenses. The state contends that appellant is precluded by his guilty pleas from doing so, relying on Florida Rule of Appellate Procedure 9.140(b)(2), which identifies the circumstances in which an appeal from a guilty or no contest plea is permitted. Appellant responds that the dual convictions constitute fundamental error, and that this appeal is permitted by rule 9.140(b)(2)(A)(ii)e as one "otherwise provided by law." We agree with appellant because it is clear that a conviction that violates the prohibition against double jeopardy constitutes fundamental error, e.g., State v. Johnson, 483 So.2d 420 (Fla. 1986); and a claim of fundamental error may be raised for the first time on appeal. E.g., Sanford v. Rubin, 237 So.2d 134 (Fla. 1970).
The right to make such a double jeopardy claim may be waived, and a waiver will generally be found following a guilty or no contest plea entered as part of a bargain with the state. Novaton v. State, 634 So.2d 607, 609 (Fla.1994). However, no waiver occurs following entry of a guilty or no contest plea "when (a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation." Id. A silent record does not, by itself, demonstrate a free and knowing waiver of such a claim. Austin v. State, 699 So.2d 314, 316 (Fla. 1st DCA 1997) (criminal division en banc). Here, appellant's pleas were unconditional. There was no plea bargain. Moreover, there is nothing in the record to suggest that appellant intended to waive the double jeopardy claim. However, the state argues that appellant cannot prevail because he has failed to demonstrate that, as a matter of fact, both offenses were parts of "one scheme or course of conduct"i.e., because the alleged double jeopardy violation is not apparent from the record. We disagree.
The record establishes that the grand theft charge was predicated on appellant's having stolen some $3,300 worth of postage stamps from the United States Postal Service, and that the dealing in stolen property charge was predicated on appellant's having attempted to sell the stamps to a coin shop two days later. The record demonstrates, further, that appellant has a history of alcohol and drug abuse stretching back at least 30 years, and that he has a history of committing thefts stretching back at least 20 years, the proceeds of which were used to support his alcohol and drug habits. Given these facts, it is relatively obvious that appellant did not steal the stamps so that he might use them himself or give them to another to use. Rather, the only reasonable conclusion that can be drawn is that appellant stole the stamps intending to sell them. Accordingly, the two offenses were parts of a *1225 single "scheme or course of conduct," and section 812.025 prohibits appellant's conviction for both. Hall v. State, 826 So.2d 268, 271 (Fla.2002).
We reverse appellant's conviction for grand theft, and remand with directions that the trial court vacate the judgment and sentence for grand theft. Because appellant was sentenced as an habitual felony offender for the charge of dealing in stolen property, his sentence for that offense will not be affected by our decision.
REVERSED and REMANDED, with directions.
KAHN and DAVIS, JJ., concur.