884 So.2d 421 (2004)
C.E.C., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-0928.
District Court of Appeal of Florida, First District.
September 29, 2004.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, and Sherri T. Rollison, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
C.E.C., a juvenile, appeals a final order of adjudication and disposition entered on December 18, 2003, by which appellant was adjudicated delinquent for the offenses of burglary, grand theft, dealing in stolen property (two counts), and violation of probation. By this adjudication/disposition order, appellant was committed to the Department of Juvenile Justice for placement in a moderate risk facility. The grand theft offense involved the theft of the same items which were sold by appellant when he committed the two offenses of dealing in stolen property. Appellant argues that, as a result, an adjudication of delinquency for offense of grand theft as well as for the offenses of dealing in stolen property in the case at bar therefore constitute double jeopardy because all of the offenses were part of a single, continuous taking. Hall v. State, 826 So.2d 268 (Fla. 2002); Kilmartin v. State, 848 So.2d 1222 (Fla. 1st DCA 2003). Although this error was not raised below, it is cognizable on appeal as fundamental error. Kilmartin; Henderson v. State, 778 So.2d 1046 (Fla. 1st DCA 2001). The state correctly concedes that under Hall and Kilmartin reversal is required. Accordingly, the adjudication of delinquency for grand theft is reversed and the cause is remanded for further proceedings consistent with this opinion, including the reconsideration of the disposition order.
REVERSED and REMANDED.
ALLEN, VAN NORTWICK and BROWNING, JJ., CONCUR.