911 So.2d 857 (2005)
Samuel KING, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-3233.
District Court of Appeal of Florida, First District.
September 22, 2005.
Nancy A. Daniels, Public Defender, and Janice G. Scott, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Sherri Tolar Rollison, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Samuel King appeals from his conviction for battery on a law enforcement officer. As grounds, he argues the trial court reversibly erred by denying his request for a jury instruction on the lesser included offense of battery. The State correctly acknowledges the error. We reverse.
A trial court has no discretion on whether to instruct on a necessarily included lesser offense. See State v. Wimberly, 498 So.2d 929 (Fla.1986). Simple battery is a necessarily lesser included offense of battery on a law enforcement officer. See e.g., Brown v. State, 608 So.2d 114 (Fla. 1st DCA 1992); Jones v. State, 714 So.2d 627 (Fla. 1st DCA 1998). "[E]ven where the evidence is undisputed that the victim is a law enforcement officer, the simple battery instruction must be given so as not to deprive the jury of its pardon power." Williams v. State, 611 So.2d 94, 95 (Fla. 1st DCA 1992).
Here, the trial court denied King's request on grounds that there was no controversy as to whether the victim was a law *858 enforcement officer. Because the trial court was required to give the instruction, King's conviction is reversed and the case remanded for a new trial.
BENTON, POLSTON and HAWKES, JJ., concur.