918 So.2d 1013 (2006)
Walter BARBER, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D05-3273.
District Court of Appeal of Florida, Second District.
January 27, 2006.
*1014 Walter Barber, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Respondent.
SALCINES, Judge.
Walter Barber, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), alleges that his appellate counsel was ineffective for failing to argue that, in circuit court cases 01-01128 and 01-08189, the trial court was prohibited by section 812.025, Florida Statutes (2001),[1] from adjudicating him guilty of grand theft and dealing in stolen property where, in each case, the offenses were part of one scheme or course of conduct. We grant the petition and award Barber a belated appeal on this issue only.
Barber entered open pleas in several circuit court cases. In case number 01-01128, the trial court adjudicated Barber guilty of the offenses of felony petit theft and dealing in stolen property and imposed consecutive sentences on those convictions. Likewise, in case number 01-08189, the trial court adjudicated Barber guilty of the offenses of grand theft and dealing in stolen property, imposing consecutive sentences on these counts of the information. Barber alleged in the petition that the factual basis for the guilty pleas that was provided by the prosecutor in each of the two cases demonstrated that, in each instance, the offenses arose out of a single course of conduct. Trial counsel did not raise any objection to the adjudications.
Hall v. State, 826 So.2d 268 (Fla.2002), was published prior to the filing of the initial brief in the direct appeal in this case. In Hall, the supreme court held that section 812.025 applied where a defendant entered pleas to the charges of grand theft and dealing in stolen property. Id. at 271. Kilmartin v. State, 848 So.2d 1222 (Fla. 1st DCA 2003), was also published prior to the filing of the initial brief in Barber. The court in Kilmartin held that the imposition of separate convictions on an unconditional guilty plea to grand theft and dealing in stolen property constituted fundamental error where the offenses arose out of the same course of conduct and there was no indication that the defendant intended to waive his rights under section 812.025. Id. at 1223-24. However, in order for the grand theft conviction to be reversed on direct appeal, the record must establish that there was no meaningful disruption of the defendant's conduct by a clearly disjunctive interval of time or set of circumstances. See Wilson v. State, 884 So.2d 74, 77 (Fla. 2d DCA 2004).
In the present case, there is nothing in the plea transcript to establish that Barber intended to forego the application of section 812.025. However, we do not have the complete trial record or even the complete record on appeal before us, and we are unable to conclusively establish from the attachments to the petition and the response that, in both circuit court cases, the theft and the dealing in stolen property arose out of the same course of conduct *1015 and that there was no meaningful disruption of the defendant's conduct by a clearly disjunctive interval of time or set of circumstances. See Toson v. State, 864 So.2d 552 (Fla. 4th DCA 2004) (holding that section 812.025 prohibited dual convictions for grand theft and dealing in stolen property where the information, the probable cause affidavit, and the factual basis established that the property that was the subject of the dealing in stolen property convictions was the same property that was the subject of the grand theft conviction and the defendant testified, without contradiction, that he sold the stolen items in order to support his crack cocaine conviction).
To establish a claim of ineffective assistance of appellate counsel, Barber must show that counsel's performance was deficient and that "the deficiency of that performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result." Downs v. Moore, 801 So.2d 906, 909-10 (Fla.2001) (quoting Wilson v. Wainwright, 474 So.2d 1162, 1163 (Fla.1985)). The attachments to the petition contain copies of the informations and a copy of the transcript of the plea hearing. These items strongly suggest that, in both circuit court cases, the theft offense and the dealing in stolen property offense arose out of the same course of conduct and that there was no meaningful disruption by a clearly disjunctive interval of time or set of circumstances. The trial court record may contain other items that conclusively establish this to be the case. However, we conclude that appellate counsel was ineffective in not raising the issue that, in case numbers 01-01128 and 01-08189, Barber's convictions for both theft and dealing in stolen property were prohibited by section 812.025.
Both Hall and Kilmartin were available to appellate counsel prior to the filing of the initial brief. If the trial court record did not contain sufficient material to establish that the trial court erred in adjudicating the petitioner guilty of both the theft offenses and the dealing in stolen property offenses, appellate counsel should have filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2). Should an evidentiary hearing have been needed[2] to resolve the issue, the trial court would have been required to hold one pursuant to subdivision (B) of rule 3.800(b)(2). Thus, we conclude that appellate counsel's performance was deficient and that the deficiency of that performance was sufficient to undermine our confidence in the fairness and correctness of the result of the direct appeal.
We therefore instruct the trial court to, within thirty days from the issuance of the mandate in this case, appoint an appellate attorney to represent Barber with regard to the appellate issue outlined above. Appellate counsel shall, within thirty days of the appointment, file a new notice of appeal and reference this opinion in the notice of appeal. Appellate counsel shall consider the necessity of filing a rule 3.800(b)(2) motion to correct sentencing error.
In the direct appeal in this case, appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We have previously granted petitions alleging ineffective assistance of appellate counsel where appellate counsel filed an Anders *1016 brief in the direct appeal. See Ortiz v. State, 905 So.2d 1016 (Fla. 2d DCA 2005); York v. State, 891 So.2d 569 (Fla. 2d DCA 2004). We note, however, that in Johnson v. Moore, 744 So.2d 1042, 1043 (Fla. 4th DCA 1999), the Fourth District held that "[b]ecause the Anders procedure gave Johnson the opportunity to make any argument that he believed his attorney should have raised he cannot now seek relief by alleging ineffective assistance [of appellate counsel]." In Hollinger v. State, 749 So.2d 534, 535 (Fla. 5th DCA 1999), the Fifth District disagreed with the rationale of Johnson and concluded that the filing of an Anders brief in the direct appeal did not operate as a bar to any claims of ineffective assistance of appellate counsel. We quote with approval the following rationale:
[T]he reason indigent criminal defendants are afforded competent appellate counsel is to make sure their due process rights are protected. If appellate counsels fail to properly represent them, they have been denied that constitutional protection. It appears unfair to then take the position they should have raised an issue on direct appeal themselves when clearly they are not competent to represent themselves; else why appoint appellate counsel in the first place?
Hollinger, 749 So.2d at 535 (citation omitted). We therefore hold that the fact that Barber had an opportunity to file an appellate brief in the Anders procedure on direct appeal does not operate as a bar to his filing a petition alleging ineffective assistance of appellate counsel, and we certify conflict with the holding of the Fourth District in Johnson, 744 So.2d 1042.
Petition granted; conflict certified.
NORTHCUTT and DAVIS, JJ., Concur.
NOTES
[1] Section 812.025, Florida Statutes (2001), states: "Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts."
[2] In Barfield v. State, 871 So.2d 929, 931 (Fla. 5th DCA 2004), the court, in a direct appeal of Barfield's convictions and sentences, held that there was insufficient information in the record to conclude that the offense of grand theft and the offense of dealing in stolen property arose from a single course of conduct and that an evidentiary hearing was necessary to determine the issue. The court affirmed the convictions and sentences without prejudice to Barfield filing a timely motion under Florida Rule of Criminal Procedure 3.850.