939 So.2d 330 (2006)
MELVIN A. RAGIN, Appellant,
v.
STATE OF FLORIDA, Appellee.
No. 4D05-3197.
District Court of Appeal of Florida, Fourth District.
October 18, 2006.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
This is an appeal by Melvin A. Ragin from his conviction and sentence on the charges of false imprisonment, burglary of an occupied conveyance, and grand theft following a jury trial. He raises three issues on appeal. We affirm the first two issues argued, reverse the final issue raised, and remand for resentencing.
As his first issue, appellant argues the trial court abused its discretion and reversibly erred in allowing into evidence inadmissible hearsay. Specifically, appellant argues that it was error for the State to ask and for the court to allow one of the police officers involved to testify as to the description of who he was looking for based on the BOLO issued. In this case, the victim testified as to the identity and the description of appellant.
As a result, the hearsay statement deemed erroneously admitted is cumulative in nature and therefore the error, if any, is harmless. See, e.g., Miles v. State, 839 So. 2d 814, 819 (Fla. 4th DCA 2003)(police officer's statement as to what a witness told him was harmless because the witness testified to the same account and description just prior); Caruso v. State, 645 So. 2d 389, 395 (Fla. 1994); Presley v. State, 839 So. 2d 813 (Fla. 4th DCA 2003). We, therefore, affirm as to this issue.
Appellant argues in the second issue that the trial court reversibly erred in admitting an affidavit of an official of the State of Florida, Department of Corrections certifying the last release date of appellant from prison. Appellant argues that such admission was (a) inadmissible hearsay, and (b) violated his right to confrontation.
We affirm as to this issue based on Yisrael v. State, No. 4D04-2967, 2006 WL 2355519 (Fla. 4th DCA Aug. 16, 2006), and Corker v. State, 4D05-1084, 2006 WL 2547421 (Fla. 4th DCA Sept. 6, 2006). As in Yisrael and Corker we also certify conflict with Gray v. State, 910 So. 2d 867 (Fla. 1st DCA 2005).
Finally, appellant argues the trial court committed error in sentencing him as a prison releasee reoffender (PRR) on the charge and conviction of burglary of an occupied conveyance. He argues that burglary of an occupied conveyance did not qualify as a PRR qualifying offense because the jury in this case did not find that appellant used or threatened to use force or violence against an individual. We agree.
The enumerated offenses under section 775.082(9)(a)1, Florida Statutes, do not include a burglary of an occupied conveyance. State v. Huggins, 744 So. 2d 1215, 1216 (Fla. 4th DCA 1999)(en banc)("the legislature did not deem that burglary of an occupied conveyance was a serious enough offense to warrant inclusion in the PRR"); see also Sampson v. State, 798 So. 2d 824, 826 (Fla. 3d DCA 2001)(burglary of an occupied conveyance without an assault did not qualify a defendant as a PRR because it was not an offense cited under the PRR statute, nor did it qualify as a felony that involved the use or threat of physical force or violence against an individual because the jury specifically found that it was committed without an assault).
Because a burglary of an occupied conveyance was not an offense listed under the PRR statute and the jury did not specifically find that it involved the use or threat of physical force or violence against an individual, the sentence is reversed and remanded for resentencing in accordance with this opinion.
Affirmed in Part, Reversed in Part, and Remanded for Resentencing.
STONE and HAZOURI, JJ., concur.
Not final until disposition of timely filed motion for rehearing.