946 So.2d 83 (2006)
Donell JACKSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D06-2186.
District Court of Appeal of Florida, Fourth District.
December 27, 2006.
Donell Jackson, Malone, pro se.
No response required for respondent.

EN BANC
KLEIN, J.
Donell Jackson has filed this petition alleging that his appellate counsel rendered ineffective assistance on his direct appeal. In that appeal, counsel filed a motion to withdraw pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), certifying that there were no arguable issues for reversal of his conviction for armed robbery and life sentence. Jackson was given the opportunity to file his own brief identifying any matter that he felt this court should address, but he did not do so. This court then conducted its own independent review of the record, *84 and after finding no basis for reversal, dismissed the appeal.
In Johnson v. Moore, 744 So.2d 1042 (Fla. 4th DCA 1999), this court held that a defendant whose counsel has withdrawn under Anders, and who has failed to file his own brief, cannot seek relief for ineffective assistance of appellate counsel. Two of our sister courts have disagreed with Johnson. See Hollinger v. State, 749 So.2d 534, 535 (Fla. 5th DCA 1999); and Barber v. State, 918 So.2d 1013 (Fla. 2d DCA 2006). We are persuaded by those opinions that we should recede from Johnson. We accordingly do so and address the petition on the merits.
Appellant alleges error in the lower court's failure to instruct on a lesser included offense; however, the record shows that appellant's defense was mistaken identification, and his counsel, with appellant's agreement, specifically requested no lesser included instructions be given. Next appellant argues a violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); however, the record shows that the evidence about which appellant complains was not withheld by the state. Appellant's claim of error in the imposition of an enhanced sentence, as violating Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), is without merit, as is his claim that the court imposed an order of restitution without notice or a hearing. We accordingly deny the petition and recede from Johnson v. Moore, 744 So.2d 1042 (Fla. 4th DCA 1999).
STEVENSON, C.J., GUNTHER, STONE, WARNER, POLEN, FARMER, SHAHOOD, GROSS, TAYLOR, HAZOURI and MAY, JJ., concur.