25 So.3d 1 (2008)
Eddie RILEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D08-0802.
District Court of Appeal of Florida, First District.
October 22, 2008.
Eddie Riley, pro se, Petitioner.
*2 Bill McCollum, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
Eddie Riley presents a timely claim of ineffective assistance of appellate counsel. We find no merit to petitioner's assertion that appellate counsel should have presented an argument that the trial court erred in denying his motion to suppress statements made to the police. We conclude, however, that appellate counsel was ineffective for failing to raise an issue of reversible error in the jury instructions.[1] A large portion of our analysis is predicated upon the supreme court's holding in State v. Abreau, 363 So.2d 1063 (Fla.1978), that the court's failure to instruct on an offense one step removed from the charged offense constitutes per se reversible error. In light of recent supreme court precedent, however, it is unclear whether the reasoning behind this precedent is still valid. We, therefore, also certify a question of great public importance concerning the continuing validity of the holding in Abreau.
Riley was charged in Count I of an amended information with capital sexual battery committed between November 1, 2002, and May 1, 2003, in violation of section 794.011(2)(a), Florida Statutes. The matter proceeded to trial, and as to Count I, defense counsel requested that the jury be instructed on simple battery as a lesser included offense. The trial court denied that request, opining that simple battery was not a lesser included offense because it requires a touching against the will of the victim, whereas sexual battery committed on a victim under 12 does not require a lack of consent, nor was lack of consent alleged in the amended information. As a consequence, the jury was instructed only on the charged offense and attempted capital sexual battery, and returned a verdict finding petitioner guilty as charged on Count I.
As the state now concedes, the trial court's reasoning in denying the request for an instruction on battery was erroneous. See Khianthalat v. State, 935 So.2d 583 (Fla. 2d DCA 2006), approved, 974 So.2d 359 (Fla.2008) (in a prosecution for sexual battery on a child under 12, lack of consent is always an element because of the conclusive presumption that a child that age cannot consent, and thus the offense always includes simple battery as a necessarily included offense); see also Caulder v. State, 500 So.2d 1362 (Fla. 5th DCA 1986) (simple battery is a necessarily lesser included offense of capital sexual battery). Because simple battery was a necessarily lesser included offense, the trial court had no discretion but to grant defense counsel's request. See State v. Wimberly, 498 So.2d 929 (Fla.1986); King v. State, 911 So.2d 857 (Fla. 1st DCA 2005). The failure to give a requested instruction on a lesser included offense only one step removed from the offense charged is per se reversible error, not subject to a harmless error analysis. See State v. Abreau, 363 So.2d at 1063; Johnson v. State, 695 So.2d 787 (Fla. 1st DCA 1997).
*3 While acknowledging the trial court erred in denying the requested instruction, the state relies on authorities recognizing that the failure to instruct on a lesser included offense two steps or more removed from the offense for which the defendant is convicted is harmless error. Abreau, 363 So.2d at 1063; Crespo v. State, 647 So.2d 295 (Fla. 3d DCA 1994). According to the state, these authorities dictate that the error here was harmless and appellate counsel cannot be faulted for failing to raise it because lewd or lascivious molestation of a child under 12, a violation of section 800.04(5)(b), is the next-step removed lesser included offense of capital sexual battery. Thus, the state reasons that simple battery, a misdemeanor, is more than one-step removed from capital sexual battery and any error in failing to instruct the jury on simple battery was harmless. We find no merit to this contention.
Lewd or lascivious molestation is not a necessarily lesser included offense of capital sexual battery, and under the law as it existed prior to the 1999 amendment to section 800.04, it likewise was not a permissive lesser included offense of any form of sexual battery. See Welsh v. State, 850 So.2d 467 (Fla.2003). For post-1999 offenses, lewd or lascivious battery of a child between 12 and 15 under section 800.04(4) may be a permissive lesser included offense of sexual battery. See Williams v. State, 957 So.2d 595 (Fla. 2007). However, unlike lewd or lascivious battery of a child between 12 and 15, lewd or lascivious molestation of a child under 12 requires that the touching be "in a lewd or lascivious manner." See § 800.04(5), Fla. Stat. Thus, lewd or lascivious molestation is not a permissive lesser included offense of capital sexual battery where, as here, the information does not allege that the touching was in a lewd or lascivious manner. See Garcia v. State, 976 So.2d 676 (Fla. 2d DCA 2008).
The foregoing notwithstanding, even if lewd or lascivious molestation was a potential lesser included offense here, the simple fact is that the jury was not instructed on that offense. Had it been so instructed without objection, the trial court's error in failing to give a simple battery instruction might be subject to a harmless error analysis. See Caulder, 500 So.2d at 1365-66 (the failure to instruct on simple battery as a necessarily lesser included offense of capital sexual battery is harmless where the jury was instructed without objection, albeit erroneously, on lewd assault as a lesser included offense). However, the Abreau "step" analysis should only be undertaken where the instruction that was given and the omitted instruction relate to a lesser included offense. See State v. Bruns, 429 So.2d 307, 309 (Fla.1983); Overway v. State, 718 So.2d 308, 311 n. 4 (Fla. 5th DCA 1998) (harmless error test in Abreau does not apply where jury was not instructed on the next lesser offense). As to Count I, the jury was instructed only on the charged offense and attempt, and as the court observed in Bruns, an attempt to commit the charged offense does not constitute a "step" under Abreau. Simple battery was therefore the lesser offense one-step removed from the charged offense in Count I, and the trial court's error in denying defense counsel's request for an instruction on that offense was not subject to a harmless error analysis. Because per se reversible error occurred, appellate counsel's failure to pursue this issue constituted a substantial deficiency that materially prejudiced petitioner.
The sole remaining issue concerns the sort of relief Riley should be granted. Where appellate counsel is found to be ineffective, an appropriate remedy is to grant a new appeal limited to the issue *4 overlooked by original counsel. That remedy is apt where, for example, a review of the record as a whole is necessary in order to assess whether a particular error can be deemed harmless, or whether an error is fundamental in nature. See, e.g., Mohr v. State, 927 So.2d 1031 (Fla. 2d DCA 2006); York v. State, 891 So.2d 569 (Fla. 2d DCA 2004). However, where a second appeal would be redundant or unnecessary, it is appropriate to simply grant petitioner the relief to which he would be entitled had the issue been raised in the original appeal. See, e.g., Grimsley v. State, 967 So.2d 1132 (Fla. 2d DCA 2007); Jones v. State, 964 So.2d 855 (Fla. 2d DCA 2007); Evans v. State, 904 So.2d 638 (Fla. 1st DCA 2005). In this case, whether the error is fundamental is not in question, the harmless error doctrine is not applicable, and we can discern no other reason why a second appeal would be necessary.
We recognize, however, as set out in Judge Wolf's concurring opinion, that the supreme court has demonstrated a trend to limit the concept of per se reversible error. We, therefore, certify the following question to be one of great public importance:
BASED ON THE REASONING OF GALINDEZ V. STATE, 955 So.2d 517 (Fla.2007), MAY A COURT FIND THAT THE FAILURE TO INSTRUCT THE JURY ON THE NEXT LESSER INCLUDED OFFENSE CONSTITUTES HARMLESS ERROR?
Accordingly, the petition alleging ineffective assistance of appellate counsel is GRANTED, petitioner's conviction and sentence for Count I are REVERSED, and the matter is REMANDED for a new trial as to that count.
BARFIELD and PADOVANO, JJ., concur; WOLF, J., concurs with opinion.
WOLF, J., concurring.
The majority opinion mandates that appellant receive a new trial because the harmless error rule cannot be applied where the trial court fails to instruct the jury on the next lesser included offense from the offense for which the defendant was convicted. The opinion correctly concludes that the harmless error analysis of State v. Abreau, 363 So.2d 1063 (Fla.1978), is inapplicable in this case because the offense is only one step removed from the primary offense. The rationale for not applying the harmless error test in this situation is that it deprives the defendant of the right to a jury pardon.
Although regularly criticized, the concept of a "jury pardon" seems to remain firmly entrenched in Florida law, at least insofar as it relates to determining whether an error is per se reversible on direct appeal. In Sanders v. State, 946 So.2d 953, 958 (Fla.2006), which held that a postconviction claim that trial counsel was ineffective for failing to request an instruction on a necessarily lesser included offense was subject to summary dismissal because the defendant could not establish prejudice, the court nonetheless noted that:
[D]espite their suspect pedigree, jury pardons have become a recognized part of the system; so much so that, in direct appeals, "[t]he failure to instruct on the next immediate lesser included offense (one step removed) constitutes error that is per se reversible." Reddick, 394 So.2d [417] at 418. Such a standard is appropriate on direct review because "it would be difficult for an appellate court to conclude beyond a reasonable doubt that a jury in a particular case, given the opportunity, would not disobey the law and grant a pardon." Sanders, 847 So.2d [504] at 507 (quoting Hill, 788 So.2d [315] at 319).
*5 Accordingly, I am constrained to agree with the majority concerning the result in this case. In my opinion, however, in light of Galindez v. State, 955 So.2d 517 (Fla. 2007), the failure to instruct on the lesser included offense should be harmless where no reasonable jury could have returned a verdict for the lesser included offense. I would, therefore, certify the following question as one of great public importance:
BASED ON THE REASONING OF GALINDEZ V. STATE, 955 So.2d 517 (Fla.2007), MAY A COURT FIND THAT THE FAILURE TO INSTRUCT THE JURY ON THE NEXT LESSER INCLUDED OFFENSE CONSTITUTES HARMLESS ERROR WHERE NO REASONABLE JURY COULD HAVE RETURNED A VERDICT FOR THE LESSER OFFENSE?
My question differs from the majority's as I recognize that this is a case where no reasonable jury could have found the defendant guilty of simple battery.[2] This is, therefore, the classic case to recede from the ill-advised holding of Abreau.
Appellant was found guilty of sexual battery on a victim under 12 (capital sexual battery). He now claims his appellate counsel was ineffective for failing to assert that the trial court erred by not instructing the jury on simple battery. The undisputed facts show that appellant repeatedly molested his girlfriend's two daughters by fondling and putting his fingers into their vaginas. Appellant gave an inane version of these events, saying he was inspecting the girls' breasts and vaginas for breast cancer and to determine if they were virgins. Appellant admitted to the police that he conducted numerous inspections. The mother testified that she never gave appellant the right to conduct these inspections. No reasonable jury would have issued a jury pardon in this case and returned a verdict of simple battery.
This case demonstrates the very folly in having an inflexible per se reversible error rule and not allowing courts to consider the circumstances of a particular case to determine whether harmful error occurred.
The Florida Supreme Court has begun to recede from the per se reversible error doctrine in other circumstances. See State v. Schopp, 653 So.2d 1016 (Fla.1995) (Richardson discovery violations are no longer per se reversible). The Schopp decision reflects a recognition that the mere fact that it may be difficult to determine if error is harmless in certain circumstances does not justify a reversal (with all its implications, including lost witnesses, unnecessary trauma for victims, and additional burdens on an overburdened judicial system) where it can be determined, beyond a reasonable doubt, that the error did not affect the outcome of the case.
Recently, in Galindez, 955 So.2d at 517, the supreme court determined that violations of the Apprendi and Blakely doctrines were subject to the harmless error analysis. Specifically, the court found any error in the trial court's failure to allow a jury to make a determination concerning victim injury points for penetration was harmless where no reasonable jury would have returned a verdict finding there was no penetration of the victims. Id. at 524. In Galindez, 955 So.2d at 523, the supreme court cited to Delvalle v. State, 653 So.2d 1078, 1079 (Fla. 5th DCA 1995), where the Fifth District held that an error regarding a lesser included offense which deprived the defendant of a jury pardon could be harmless because, given the evidence at trial, it was inconceivable that any rational *6 jury could have returned a verdict finding that there was no firearm involved in the commission of the charged offenses. While Delvalle involves a slightly different set of circumstances, it indicates a willingness to apply the harmless error doctrine to a somewhat similar set of circumstances.
If a harmless error analysis can be applied to the failure to allow a jury to determine whether penetration took place in Galindez, there appears to be no rational basis for not allowing the same analysis to take place in the instant case.
Further, while it is my belief that no rational jury could have returned a verdict of simple battery in this case and this should allow us to affirm, I am cognizant of precedent and would ask the Florida Supreme Court to readdress this important issue.
NOTES
[1] Riley's counsel on direct appeal filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The fact that Riley could have raised the jury instruction issue in a pro se brief does not foreclose him from now seeking relief on a claim of ineffective assistance of appellate counsel. See Jackson v. State, 946 So.2d 83 (Fla. 4th DCA 2006); Barber v. State, 918 So.2d 1013 (Fla. 2d DCA 2006). Likewise, the fact that the court could have identified the error at issue in the course of its independent Anders review does not preclude his present claim.
[2] The supreme court appears comfortable with this standard. See Galindez, 955 So.2d at 523, 524; see also Johnson v. State, 994 So.2d 960 (Fla. 2008).