KELLY, Judge.
 

 We deny Patrick O’Leary’s petition alleging ineffective assistance of appellate counsel filed pursuant to Florida Rule of Appellate Procedure 9.141(c). We write only to address the State’s argument that O’Leary cannot establish that he was prejudiced by appellate counsel’s failure to file a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error with regard to the allegedly improper inclusion of victim injury points on the sentencing guidelines scoresheet because this claim of scoresheet error can be raised in a Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence.
 

 The failure of appellate counsel to file a rule 3.800(b)(2) motion to correct sentencing error constitutes a cognizable claim in a petition alleging ineffective assistance of appellate counsel.
 
 Agosto-Molina v. State,
 
 933 So.2d 26 (Fla. 2d DCA 2006);
 
 Barber v. State,
 
 918 So.2d 1013 (Fla. 2d DCA 2006);
 
 Horne v. State,
 
 918 So.2d 1011 (Fla. 2d DCA 2006);
 
 Hakkenberg v. State,
 
 889 So.2d 935 (Fla. 2d DCA 2004);
 
 Gisi v. State,
 
 848 So.2d 1278 (Fla. 2d DCA 2003). To establish a claim of ineffective assistance of appellate counsel, the petitioner must show specific errors or omissions that demonstrate that appellate counsel’s performance differed from the norm and that the deficiency of the performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result.
 
 Downs v. Moore,
 
 801 So.2d 906, 909-10 (Fla.2001). Thus, a petitioner must demonstrate prejudice with regard to the result of the direct appeal from the judgment and sentence. The fact that he may ultimately be able to obtain the same relief by way of a different procedural vehicle, such as a rule 3.800(a) motion filed in the circuit court, is irrelevant to the merits of the claims raised in a petition alleging ineffective assistance of appellate counsel.
 

 Petition denied.
 

 FULMER and LaROSE, JJ„ Concur.