FARMER, J.
 

 Defendant was sentenced upon his plea to 97.5 months as a prison releasee reof-fender (PRR) for the crime of false imprisonment. More than 60 days after filing a motion to correct sentencing errors, and while his appeal was pending in this court, the trial court belatedly granted his motion to correct sentence errors. The court lacked jurisdiction to do so while the appeal was pending. He prays on this appeal that we reverse the sentence so that court may effectively correct sentencing errors.
 

 We agree that the sentence on counts 2 and 3 for false imprisonment was improperly designated as a PRR. Section 775.082(9)(a) provides that certain enumerated offenses may be sentenced as a PRR, but false imprisonment is not among them.
 
 See Sinclair v. State,
 
 973 So.2d 665 (Fla. 3d DCA 2008) (“False imprisonment is not an enumerated felony under subparagraph 775.082(9)(a)l.”);
 
 see also State v. Hearns,
 
 961 So.2d 211, 218 (Fla.2007) (“[T]o constitute a forcible felony, all ... alternatives must involve the use or threat of physical force or violence.”).
 

 Also, in pronouncing the sentence the trial court made the probation apply only to the sentence for count 1. It therefore does not apply to the sentence for counts 2 and 3.
 

 Finally, it appears that in pronouncing sentence that the trial court intended to impose the minimum sentence required by the scoresheet, or 97.05 months in prison. The written sentence should reflect 97.05 months, rather than 97.5 months.
 

 
 *256
 

 Reversed and, remanded for correction of sentences consistent with this opinion.
 

 CIKLIN, J., and LEBAN, MARK KING, Associate Judge, concur.