WALLACE, Judge.
 

 Jovan Cornelius Lamb was found guilty by a jury of false imprisonment while carrying or using a firearm, burglary of a conveyance, grand theft auto, and fleeing or attempting to elude. Mr. Lamb challenges his resulting judgments and sentences and raises three points for our review. First, he argues that the trial court erred in enhancing the false imprisonment charge from a third-degree felony to a second-degree felony based on his use of a weapon during the offense. Second, he asserts that the trial court erred in imposing a prison releasee reoffender (PRR) sentence under section 775.082(9)(a)(l), Florida Statutes (2006), on the false imprisonment charge. Third, he contends that the evidence was insufficient to support his convictions and that the trial court should have granted his motion for judgment of acquittal. We find no merit in his first and third points, and we affirm on these issues without further comment. However, we reverse for correction of the PRR sentence that was imposed in error.
 

 A defendant may be sentenced as a PRR if the defendant commits or attempts to commit any of the crimes specifically listed in the PRR statute or if the felony involved “the use or threat of physical force or violence against an individual.” § 775.082(9)(a)(1)(o). In
 
 State v. Hearns,
 
 961 So.2d 211, 212 (Fla.2007), the Supreme Court of Florida considered whether the offense of battery on a law enforcement officer could qualify as a forcible felony
 
 [1]
 
 under section 776.08, Florida Statutes (2000), for the purpose of imposing a sentence enhancement under the violent career criminal (VCC) statute, section 775.084(l)(d). Concluding that it could not, the supreme court stated that “in determining whether a crime constitutes a forcible felony, courts must consider only the statutory elements of the offense, regardless of the particular circumstances involved.”
 
 Id.
 
 at 212. After
 
 Hearns,
 
 this court considered whether battery on a law enforcement officer and a firefighter could be used to enhance a defendant’s sentence under the PRR statute and concluded that in accordance with
 
 Hearns,
 
 it could not.
 
 See Walker v. State,
 
 965 So.2d 1281 (Fla. 2d DCA 2007).
 

 The Third and Fourth District Courts of Appeal have recently considered the precise question presented in this case— whether a PRR sentence may be based on a false imprisonment conviction — and, applying
 
 Hearns,
 
 have concluded that a conviction for false imprisonment is not sub-
 
 *119
 
 jeet to PRR sentencing.
 
 See Mosquera v. State,
 
 16 So.3d 255 (Fla. 4th DCA 2009) (“Section 775.082(9)(a) provides that certain enumerated offenses may be sentenced as a PRR, but false imprisonment is not among them.”);
 
 Sinclair v. State,
 
 973 So.2d 665, 665 (Fla. 3d DCA 2008) (“False imprisonment is not an enumerated felony under subparagraph 775.082(9)(a)[ (]1[) ].”). We agree with the Third and Fourth Districts on this question.
 

 The State urges this court to apply the reasoning in
 
 Ragin v. State,
 
 939 So.2d 330 (Fla. 4th DCA 2006). In
 
 Ragin,
 
 the Fourth District held that a PRR sentence could not be imposed upon a conviction for burglary of an occupied conveyance because the burglary offense was listed as a qualifying offense in “the PRR statute and the jury did not specifically find that it involved the use or threat of physical force or violence against an individual.”
 
 Id.
 
 at 331. Based on this holding in
 
 Ragin,
 
 the State argues that because the jury in this case made a specific finding that Mr. Lamb “did carry, use, threaten to use, or attempt to use a firearm” during the criminal episode,
 
 [2]
 
 the jury’s finding was sufficient to prove that the offense involved the use or threat of physical force or violence for the purpose of imposing a PRR sentence. We conclude that the State’s reliance on
 
 Ragin
 
 is misplaced. The
 
 Ragin
 
 court’s holding on this point is inconsistent with the statutory elements test announced in
 
 Hearns. Ragin
 
 preceded the supreme court’s opinion in
 
 Hearns
 
 and the Fourth District’s own opinion in
 
 Mosqu-era.
 
 For these reasons, we believe that the
 
 Ragin
 
 court’s holding on this point is no longer good law.
 

 Accordingly, we affirm the judgments and sentences on all counts with the exception of the PRR sentence imposed on the false imprisonment count. False imprisonment is clearly not a listed offense under the PRR statute. Moreover, the statutory elements of the offense of false imprisonment do not necessarily involve the use or threat of physical force or violence against an individual. It follows that the offense of false imprisonment does not qualify for PRR sentencing. Thus we reverse the sentence imposed on Mr. Lamb for false imprisonment and remand for resentenc-ing on that offense. Mr. Lamb shall have the right to be present at resentencing.
 

 Judgments affirmed, sentences affirmed in part and reversed in part, and case remanded for resentencing in accordance with this opinion.
 

 CASANUEVA, C.J., and NORTHCUTT, J., concur.
 

 [1]
 

 . For the purpose of section 776.08,
 

 "[fjorcible felony” means treason; murder; manslaughter; sexual battery; carjacking; home-invasion robbery; robbery; burglary; arson; kidnapping; aggravated assault; aggravated battery; aggravated stalking; aircraft piracy; unlawful throwing, placing, or discharging of a destructive device or bomb; and any other felony which involves the use or threat of physical force or violence against any individual.
 

 § 776.08. The list of offenses subject to PRR sentencing in accordance with section 775.082(9)(a)(l) is similar, especially the phrase ”[a]ny felony that involves the use or threat of physical force or violence against an individual.”
 

 [2]
 

 . This finding by the jury was required in order to enhance Mr. Lamb's conviction for the crime of false imprisonment from a third-degree felony to a second-degree felony.
 
 See
 
 § 775.087(1).