PER CURIAM.
 

 Petitioner, Ronnie C. Williams, seeks correction of his sentence, alleging ineffective assistance of appellate counsel.
 
 See
 
 Fla. R.App. P. 9.141(c). Williams asserts that appellate counsel should have filed a motion, pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), to correct his sentence prior to the filing of his initial brief.
 
 See generally O’Leary v. State,
 
 2 So.3d 358 (Fla. 2d DCA 2008);
 
 Barber v. State,
 
 918 So.2d 1013 (Fla. 2d DCA 2006). Williams contends that he was illegally sentenced to thirty years’ incarceration as a Prison Releasee Reoffender (PRR) for a second-degree felony.
 

 Williams pled no contest to attempted second-degree murder. The information labeled the charge a first-degree felony. Generally, attempted second-degree murder is a second-degree felony, punishable by no more than fifteen years’ imprisonment.
 
 See
 
 §§ 782.04(2), 777.04(4)(c) and 775.082(3)(c), Fla. Stat. (2008). However, this offense is reclassified to a first-degree felony if the defendant carried, displayed, used, threatened to use, or attempted to use any weapon or firearm during its commission.
 
 See
 
 § 775.087(l)(b), Fla. Stat. (2008).
 

 The information alleged that Williams attempted to kill or murder Da-vonia Goodman by using a kitchen knife to stab and cut her in the arm, neck, hands and back, and by manually choking her. As the factual basis at the plea hearing, the prosecutor informed the trial court that Williams stabbed his girlfriend with a large kitchen knife and she suffered extensive defensive wounds to her hands and arms. The attempted second-degree murder charge was, therefore, properly reclassified to a first-degree felony.
 

 The written plea agreement informed Williams that the maximum imprisonment for attempted second-degree murder was thirty years’ incarceration, the maximum for a first-degree felony. The plea agreement also advised Williams that, as a habitual offender, he was subject to life imprisonment if convicted as charged. Williams agreed to enter a plea in exchange for a thirty-year PRR sentence.
 

 Based on the information and the written plea, Williams was aware that he was entering a plea to a first-degree felony. The final judgment labeled the conviction a first-degree felony, but identified the offense as “attempted murder in the second degree,” without any reference to the weapon which reclassified the felony. Under these circumstances, we view the final judgment’s failure to include the phrase, “with a weapon,” a scrivener’s error.
 

 An illegal sentence is one that no judge under the entire body of sentencing statutes could legally impose under any set of factual circumstances.
 
 See Carter v. State,
 
 786 So.2d 1173 (Fla.2001). We conclude that appellate counsel was not ineffective for failing to file a rule 3.800(b)(2) motion to correct sentence because Williams received the agreed-upon thirty-year PRR sentence for a first-degree felo
 
 *329
 
 ny.
 
 See
 
 § 775.082(9)(a)3.b., Fla. Stat. (2008).
 

 PETITION DENIED.
 

 MONACO, C.J., GRIFFIN and COHEN, JJ., concur.