PER CURIAM.
In this case, Petitioner raises several issues related to ineffective assistance of appellate counsel. We deny the petition in all respects except as to the issue of the imposition of lump sum fines and costs, for which the State correctly concedes error. While statutorily-mandated costs may be imposed without notice (and thus, need not be individually announced at sentencing), discretionary costs or fines must be orally pronounced at sentencing in order to com *328 port with due process requirements. Sharpe v. State, 115 So.3d 1021, 1022 (Fla. 1st DCA 2013); Smiley v. State, 704 So.2d 191, 195 (Fla. 1st DCA 1997). Here, the fines and costs were assessed as part of a lump sum, which was error. As such, appellate counsel’s failure to file a rule 3.800(b)(2) motion to correct the sentencing error constitutes a cognizable claim for ineffective assistance of appellate counsel. O’Leary v. State, 2 So.3d 358, 359 (Fla. 2d DCA 2008). “The fact that he may ultimately be able to obtain the same relief by way of a different procedural vehicle, such as a rule 3.800(a) motion filed in the circuit court, is irrelevant to the merits of the claims raised in a petition alleging ineffective assistance of appellate counsel.” Id.
Accordingly, Petitioner has demonstrated appellate counsel was ineffective on this claim. See Thompson v. State, 759 So.2d 650, 660 (Fla.2000); Cupon v. State, 833 So.2d 302, 304 (Fla. 1st DCA 2002). Consistent with the State’s recommendation, the petition is granted in part and remanded to the lower court to strike the lump sum costs and fines from Petitioner’s sentence. However, we reverse without prejudice to the trial court reimposing the discretionary costs and surcharges after following the appropriate procedures. See Nix v. State, 84 So.3d 424 (Fla. 1st DCA 2012) (holding it was error to impose discretionary fine without specifically pronouncing it at sentencing and reversing without prejudice to reimpose the fine following proper procedures); Bright v. State, 689 So.2d 1285 (Fla. 1st DCA 1997) (reversing imposition of costs without prejudice for reimposition of statutorily authorized costs after proper notice and hearing); Smiley v. State, 704 So.2d at 195 (reversing imposition of a lump sum of $1,500 in court costs and fines without prejudice to the trial court reimposing authorized sums after following proper procedure). We deny the petition in all other respects.
GRANTED IN PART, DENIED IN PART, and REMANDED WITH INSTRUCTIONS.
WOLF, ROBERTS, and MAKAR, JJ., concur.