IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


JACOB HORNSTRA,

      Appellant,

 v.                                      Case No.  5D17-388

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed April 28, 2017

3.850 Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Jacob Hornstra, Blountstown, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Robin A. Compton,
Assistant Attorney General, Daytona
Beach, for Appellee


WALLIS, J.

Jacob Hornstra appeals the postconviction court's summary denial of his Florida

Rule of Criminal Procedure 3.850 motion for postconviction relief. We affirm the denial of

claims 1 through 3 without further discussion. However, we reverse and remand the

postconviction court's dismissal of claim 4 with instructions to either attach records

conclusively refuting the claim or hold an evidentiary hearing.

In December 2010, Hornstra pleaded no contest to lewd or lascivious molestation of a child less than twelve years of age and lewd or lascivious solicitation. The trial court sentenced Hornstra to concurrent terms of five years' incarceration, suspended upon completion of ten years of sex offender probation. In May 2015, after Hornstra admitted to violating his probation, the trial court imposed concurrent sentences of five years' incarceration.

In October 2016, Hornstra filed the instant rule 3.850 motion. In claim 4, Hornstra alleged that his trial counsel provided ineffective assistance by failing to object to the imposition of the costs of incarceration. The postconviction court dismissed this claim as facially insufficient, reasoning that Hornstra "fail[ed] to identify the costs for which the trial counsel should have objected." The court explained that its dismissal was without prejudice to Hornstra's right to address the issue through a Florida Rule of Criminal Procedure 3.800(b) motion.

We find that the postconviction court incorrectly dismissed claim 4 on the basis that Hornstra failed to identify the costs he wished to challenge. Counsel's failure to challenge the imposition of costs can serve as a basis for postconviction relief. See, e.g., Boyington v. State, 125 So. 3d 327, 328 (Fla. 1st DCA 2013) (finding appellate counsel ineffective for not filing rule 3.800 motion challenging lump sum fines and costs). In his motion, Hornstra explicitly referenced the costs of incarceration. Hornstra alleged, *inter alia*, that trial counsel provided ineffective assistance by not challenging the trial court's failure to cite any statutory authority for the imposition of costs in its written order. See Kirby v. State, 695 So. 2d 889, 890 (Fla. 2d DCA 1997) ("The statutory authority for all costs imposed, whether they are mandatory or discretionary, must be cited in the written

2

order." (citations omitted)). It is unclear how Hornstra could have more specifically identified the cost he sought to challenge. Moreover, we cannot determine whether the trial court improperly assessed costs of incarceration because the postconviction court did not attach the order imposing fees and costs to its order denying Hornstra's motion for postconviction relief.

We also find that the postconviction court incorrectly dismissed claim 4 for Hornstra to raise the issue through a rule 3.800(b) motion. Because the court deemed claim 4 facially insufficient, it should have permitted Hornstra to amend the claim rather than dismissing it. See Fla. R. Crim. P. 3.850(f)(3); Spera v. State, 971 So. 2d 754, 761 (Fla. 2007). Nonetheless, having determined that claim 4 contained a sufficient basis for relief, we reverse the dismissal of claim 4 and remand for the postconviction court to either attach records conclusively refuting the claim or hold an evidentiary hearing.

AFFIRMED in part; REVERSED in part; and REMANDED with Instructions.

PALMER and EVANDER, JJ., concur.

3