DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT F. GALANTE,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D2025-2639

[February 11, 2026]

Petition alleging ineffective assistance of appellate counsel to the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Sherwood Bauer, Jr., Judge; L.T. Case No. 432021CF000249A.

Robert F. Galante, Wewahitchka, pro se.

James Uthmeier, Attorney General, Tallahassee, and Joseph Mollica, Assistant Attorney General, West Palm Beach, for respondent.

PER CURIAM.

Robert F. Galante filed a petition alleging several claims of ineffective assistance of appellate counsel. Fla. R. App. P. 9.141(d). We grant the petition as to one claim and deny the other claims without comment.

Galante alleges his appellate attorney provided ineffective assistance by failing to argue that a prison releasee reoffender (PRR) sentence for false imprisonment is illegal. In its response, the State does not address the merits of the claim and instead argues that Galante cannot claim ineffective assistance of appellate counsel because he freely represented himself on direct appeal and counsel is not ineffective for failing to raise an unpreserved error. Neither argument supports denial of this petition.

First, Galante did not freely represent himself on direct appeal. He had appointed counsel. His appellate counsel filed an *Anders*[1] brief, and Galante filed a pro se brief as permitted as part of this Court's *Anders* review. He did not choose to represent himself and "[t]he fact a petitioner

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

could have, but did not present an issue in his pro se brief on direct appeal does not preclude a subsequent claim of ineffective assistance of appellate counsel, nor does the fact that the court could have identified the error in the course of its independent *Anders* review." *Towbridge v. State*, 45 So. 3d 484, 486 (Fla. 1st DCA 2010); *see also Jackson v. State*, 946 So. 2d 83 (Fla. 4th DCA 2006); *Barber v. State*, 918 So. 2d 1013, 1015-1016 (Fla. 2d DCA 2006).

Second, it is well settled that "[a]ppellate counsel may be ineffective for failing to raise claims of fundamental error." *Sheppard v. State*, 338 So. 3d 803, 830 (Fla. 2022); *Valle v. Moore*, 837 So. 2d 905, 907-08 (Fla. 2002) (explaining that appellate counsel cannot be considered ineffective for failing to raise an unpreserved error, unless the error is fundamental); *Lai v. State*, 405 So. 3d 372 (Fla. 5th DCA 2022) ("Appellate counsel's failure to identify fundamental error by the trial court, and the failure to raise it in the direct appeal, generally falls outside of the range of professionally acceptable performance and may constitute the basis for relief."). Appellate counsel may also be found ineffective for failing to file a rule 3.800(b)(2) motion to correct a sentencing error. *Walding v. State*, 328 So. 3d 9, 10 (Fla. 4th DCA 2021) ("We have held that appellate counsel can be ineffective for failing to file a rule 3.800(b)(2) motion.").

As Galante argues, the PRR sentence for false imprisonment is illegal. *See Washington v. State*, 199 So. 3d 1110, 1111-12 (Fla. 1st DCA 2016); *Lamb v. State*, 32 So. 3d 117, 119 (Fla. 2d DCA 2009); *Mosquera v. State*, 16 So. 3d 255, 255 (Fla. 4th DCA 2009). Counsel's failure to preserve the error in a rule 3.800(b)(2) motion and, if necessary, raise it on direct appeal constitutes ineffective assistance. Accordingly, we grant the petition in part and remand for the trial court to strike the PRR sentence for false imprisonment.[2]

*Petition granted in part and denied in part.*

KUNTZ, C.J., MAY and KLINGENSMITH, JJ., concur.

*      *      *

**Not final until disposition of timely-filed motion for rehearing.**

---

[2] For this offense, Galante also received a habitual felony offender sentence, which is not affected by this opinion.